**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                              No. 4:05CR00265 JLH

JOE EUGENE VINCENT                                                                  DEFENDANT

**OPINION**

Joe Eugene Vincent objected to the conclusion in the presentence report that he qualified as an armed career criminal pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4. More specifically, Vincent objected to a determination that Count 3 of paragraph 24 qualifies as a predicate offense for the determination that he is an armed career criminal. Count 3 of paragraph 24 charged Vincent with criminal use of a prohibited weapon (sawed-off shotgun) in violation of Ark. Code Ann. § 5-73-104 on November 24, 1993. Vincent pled guilty. The presentence report counted that conviction as a violent felony under 18 U.S.C. § 924(e)(2)(B).

Vincent observes that the Eighth Circuit construes "violent felony" under 18 U.S.C. § 944(e)(B)(ii) to have the same meaning as "crime of violence" under U.S.S.G. § 4B1.2. *See United States v. Nolan*, 397 F.3d 665 (8th Cir. 2005). He also observes that application note to § 4B1.2 includes in the definition of a crime of violence the unlawful possession of any firearm described in 26 U.S.C. § 5845(a), which defines a sawed-off shotgun as having a barrel less than 18 inches and an overall length of less than 26 inches, but that the Arkansas statute in effect on November 24, 1993, when Vincent was found in possession of a sawed-off shotgun, did not require a finding as to any particular length. Therefore, Vincent argues, the Court cannot find based solely

on the guilty plea that Vincent's conviction under Arkansas law for possessing a sawed-off shotgun on November 24, 1993, constitutes a violent felony.

Ark. Code Ann. § 5-73-104 as in effect in 1993 did not require a sawed-off shotgun to be any particular length. However, the statute prohibited specified weapons and "or other implement for the infliction of serious physical injury or death which serves no common lawful purpose." In *Bridges v. State*, 327 Ark. 392, 397, 938 S.W.2d 561, 563 (1997), the court held that these words of limitation "adequately narrow the definition such that a person of ordinary intelligence would be on notice that he or she is in jeopardy of violating the law if he or she uses, possesses, sells, etc., a sawed-off shotgun which will inflict serious physical injury or death *and* serves no lawful purpose." (Emphasis added.) Thus, according to the interpretation of the statute by the Supreme Court of Arkansas, the offense to which Vincent pled guilty included as an essential element that the sawed-off shotgun had as its purpose "the infliction of serious physical injury or death" and that it served "no common lawful purpose."

At the sentencing hearing, the Court received into evidence, without objection, the criminal docket of the case that resulted in Vincent's conviction for possessing a sawed-off shotgun. Count 3[1] of the Information charged Vincent as follows:

> The said defendant(s) in Pulaski County, on or about November 24, 1993, unlawfully, feloniously, did use, possess, or otherwise deal in any sawed-off shotgun, metal knuckles, or other implement for the infliction of serious physical injury or death which served no common lawful purpose, to wit: A SAWED-OFF SHOTGUN, against the peace and dignity of the State of Arkansas.

---

[1] At the sentencing hearing, the Court erroneously read from Count 2 rather than from Count 3.

2

Hence, not only did the statute, as interpreted by the Supreme Court of Arkansas, require as essential elements that the weapon be an implement for the infliction of serious physical injury or death and that the weapon serve no common lawful purpose, the Information expressly charged that Vincent used, possessed, or otherwise dealt in an "implement for the infliction of serious physical injury or death which served no common lawful purpose." Vincent pled guilty to that charge.

Based on the conduct expressly charged, Vincent's conviction of Count 3 in paragraph 24 of the presentence report meets the definition of a violent felony in 18 U.S.C. § 924(e)(2)(ii). That conviction involved conduct that by its nature presented a serious risk of physical injury to another.

DATED this 7th day of February, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE